IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ROBIN G. STACY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO.: 1:14-CV-103 (LJA) |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is the Report and Recommendation ("R&R") (Doc. 16) on Plaintiff Robin G. Stacy's social security appeal. In the R&R, the Magistrate Judge recommends that the Court affirm the Social Security Commissioner's decision as affirmed by the Administrative Law Judge ("ALJ"), denying Plaintiff's application for benefits. (*Id.* at 21). The Magistrate Judge determined that the ALJ's factual findings were supported by substantial evidence in the record and the legal conclusions were based on the proper application of correct legal standards.

As set forth in 28 U.S.C. § 636(b)(1) and as stated in the R&R, the parties had fourteen days to file an objection to the R&R. (*Id.*) Plaintiff timely filed an objection to the R&R, and the Commissioner has timely responded to the objection. (Docs. 17, 18). The Court has performed a de novo review of those portions of the report to which Plaintiff objects. § 636(b)(1)(C).

The Eleventh Circuit has held that federal courts' "review of the [ALJ's] decision is limited to an inquiry into whether there is substantial evidence to support the findings of the [ALJ], and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). District courts should not "decide the facts anew, reweigh the evidence, or substitute [their] judgment for that of the [ALJ]." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). Rather, the Court "must defer to the [ALJ]'s decision if it is supported

by substantial evidence." *Id.* "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Even if the evidence preponderates against the [ALJ]'s findings, [the Court] must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

In her objection, Plaintiff reasserts the same arguments made during her appeal and sets forth four bases to reject the ALJ's decision. (Doc. 17). First, Plaintiff contends that the ALJ erred in his residual functional capacity assessment by misstating Dr. Ponteri's findings regarding Plaintiff's vision impairments. Dr. Ponteri opined that Plaintiff has the following limited visual impairments: (a) near acuity, (b) far acuity, (c) depth perception, and (d) field vision; but he stated that Plaintiff does not have limitations in visual accommodation or color vision. (Tr. 672). In his decision, the ALJ incorrectly stated that Dr. Ponteri found that Plaintiff's vision accommodation and color vision were impaired. (Tr. 34). Although the ALJ misstated Dr. Ponteri's findings with regard to Plaintiff's vision accommodation and color vision, the misstatement was harmless as it did not prejudice Plaintiff or change the ALJ's disability determination. *See Diorio v. Heckler*, 721 F.2d 726, 1983 (11th Cir. 1983) (finding that "the ALJ made erroneous statements of fact," but concluding "that this was [a] harmless error in the context of this case and that the ALJ applied the proper legal standard[.]"); *see also Johnston v. Colvin*, No. 12-00601-B, 2014 WL 1017884, at *10 (S.D. Ala. Mar. 17, 2014) ("Errors which do not prejudice the plaintiff and which would not change the disability determination are harmless.").

In formulating his residual functional capacity assessment, the ALJ discussed the medical findings of Dr. Flowers and Dr. Ponteri regarding Plaintiff's vision impairments. The objective medical evidence, as a whole, supports the ALJ's residual functional capacity assessment and the corresponding determination that Plaintiff be restricted from driving and that his exposure to "unprotected heights, moving machinery, and related hazards" be limited. (Tr. 24). A finding that Plaintiff's vision accommodation and color vision were not impaired would not have changed the ALJ's ultimate conclusion—that Plaintiff has a residual functional capacity to perform light work. As such, the error was harmless. *See*

*Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 (11th Cir. 2013) ("We have also declined to remand for express findings when doing so would be a wasteful corrective exercise in light of the evidence of record and when no further findings could be made that would alter the ALJ's decision."). (internal quotation marks and citations omitted).

Furthermore, the ALJ properly considered Plaintiff's daily activities, such as "driving an automobile, using a computer for Internet access, and watching television programs," (Tr. 34), as evidence supporting the conclusion that Plaintiff is able to do light work, despite his vision impairments. *See Clyburn v. Comm'r Soc. Sec. Admin.*, 555 F. App'x 892, 894 (11th Cir. 2014) (finding that plaintiff's daily activities "provided additional support for the residual functional capacity finding that the ALJ made."). Accordingly, the Court agrees with the Magistrate Judge that the ALJ's residual functional capacity assessment was supported by substantial evidence.

Second, the Plaintiff contends that the ALJ erred in step two[1] by finding that her depression was a non-severe impairment. At step two, "the ALJ must make a threshold inquiry as to the medical severity of the claimant's impairments." *Smith v. Comm'r of Soc. Sec.*, 535 F. App'x 894, 896 (11th Cir. 2013). (internal quotations marks omitted). The ALJ's determination that Plaintiff's depression was not a severe impairment was reasonable and supported by substantial evidence in the record. The ALJ considered how Plaintiff's depression "impacts four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation" as required by 20 C.F.R. § 404.1520a-(c)(3-4). *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 1208). In each functional area, the ALJ considered Plaintiff's medical records, daily activities, and Dr. Young and Mrs. Young's testimony and concluded that Plaintiff's depression is a non-severe impairment. Therefore, the ALJ's determination was supported by substantial evidence in the record.

---

[1] "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing or impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

Furthermore, the ALJ determined that Plaintiff's combination of impairments qualified as a severe impairment. (Tr. 23). The Eleventh Circuit has held that "[t]he finding of *any* severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (emphasis added). Therefore, it is immaterial that the ALJ did not also identify Plaintiff's depression as a severe impairment at step two. *See Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010) ("Nothing requires that the ALJ must identify at step two, all of the impairments that should be considered severe."). Accordingly, the ALJ's finding that Plaintiff has a severe impairment, based on a combination of impairments, satisfied the requirement of step two.

Third, Plaintiff contends that the ALJ improperly assessed her credibility. Specifically, Plaintiff contends that the ALJ erroneously relied on her daily activities as evidence to discredit her testimony. As noted by the Eleventh Circuit in *Moore*, 405 F.3d at 1212, "credibility determinations are the province of the ALJ." While an ALJ must consider a plaintiff's subjective complaints of pain, "the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). A reviewing court, however, will not disturb the ALJ's credibility finding if the ALJ "clearly articulated [his] credibility finding with substantial evidence in the record [.]" *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

The ALJ found Plaintiff to be partially credible, and substantial evidence in the record supports that determination. The ALJ noted that Plaintiff's daily activities demonstrate that Plaintiff is capable of doing light work. (Tr. 32-33). The ALJ cited the inconsistences between Plaintiff's daily activities and her subjective testimony of pain as a basis for partially discrediting her testimony. (Tr. 32-33). Moreover, the ALJ found that the objective medical evidence in the record, as a whole, supported the conclusion that Plaintiff is able to perform light work, subject to limitations and restrictions. (*Id.* at 33). In *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938 (11th Cir. 2011), the Eleventh Circuit found that the ALJ's credibility determination was supported by substantial evidence in the record because the plaintiff's testimony concerning his daily activities and reports from his treating physicians were

4

inconsistent with his subjective complaints of pain. Furthermore, in *Lanier v. Comm'r of Soc. Sec.*, 252 F. App'x 311, 314 (11th Cir. 2007), the Eleventh Circuit found that the ALJ's adverse credibility determination was supported by substantial evidence because the plaintiff's description of her daily activities was inconsistent with her testimony regarding the severity of her pain. Here, as in *Werner* and *Lanier*, the ALJ's determination that Plaintiff's subjective testimony was partially credible was supported by substantial evidence in the record because Plaintiff's daily activities, the inconsistences with her subjective testimony, and the objective medical evidence in the record, as a whole, are reasonable bases for partially discrediting her testimony. *See Werner*, 421 F. App'x at 938 ("The question is not . . . whether [the] ALJ could have reasonably credited [plaintiff's] testimony, but whether the ALJ was clearly wrong to discredit it."). As such, the ALJ properly evaluated Plaintiff's credibility and the corresponding partially adverse determination was supported by substantial evidence in the record.

Plaintiff also contends that the ALJ improperly evaluated the testimony of Dr. Young and Mrs. Young. Specifically, Plaintiff contends that the ALJ selectively used portions of their testimony as a basis for finding that they are partially credible. Under C.F.R § 404.1513(d)(4), evidence from other non-medical sources, such as relatives, friends, and neighbors may be used "to show the severity of [the claimant's] impairments and how it affects their ability to work." The testimony of other non-medical sources "is evidence of a claimant's subjective feelings of pain." *Osborn v. Barnhart*, 194 F. App'x 654, 666 (11th Cir. 2006). An ALJ "must state specifically the weight accorded each item of evidence and the reasons for his decision." *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986). "Even if the ALJ fails to make an explicit credibility determination as to [other non-medical sources'] testimony or statements, however, [the Court] will not find error if the credibility determination was implicit in the rejection of the claimant's testimony." *Osborn*, 194 F. App'x at 666.

The ALJ implicitly found that Dr. and Mrs. Young's testimony regarding Plaintiff's subjective complaints of pain was partially credible, and substantial evidence in the record supports that determination. The ALJ noted that Dr. Young is Plaintiff's former college professor and Mrs. Young is a long-term friend of Plaintiff. (Tr. 25-26). As such, they are

5

other non-medical sources under § 404.1513(d)(4). In giving "some weight" to the Youngs' testimony, the ALJ considered their status as other non-medical sources, their relationship to Plaintiff, the length of the relationship, and "the fact that [their] statement[s] [were] made nearly 3 years following the expiration of the claimant's Title II insured status." (Tr. 26). The ALJ, however, implicitly rejected parts of their testimony regarding the severity of Plaintiff's impairments that were unsupported by the objective medical evidence and inconsistent with the Plaintiff's daily activities. As such, the ALJ's rationale for rejecting portions of Dr. and Mrs. Young's testimony is the same as the rationale for partially discrediting Plaintiff's subjective complaints of pain. Accordingly, the ALJ properly evaluated Dr. and Mrs. Young's testimony and the ALJ's partially adverse credibility determination for their testimony was supported by substantial evidence in the record.

Fourth, Plaintiff contends that the ALJ's hypothetical question to the vocational expert was improper because it was based on an unsustainable residual functional capacity finding. (Doc. 17 at 19). Although not clearly articulated, Plaintiff appears to argue that the hypothetical question is inadequate because it did not include his depression as one of his impairments. "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). "The hypothetical need only include 'the claimant's impairments,' not each and every symptom of the claimant." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253 (11th Cir. 2007) (internal citations omitted). Furthermore, "[a]n ALJ is not required to include findings in a hypothetical question that the ALJ properly rejected as unsupported." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

The ALJ's residual functional capacity assessment adequately accounted for all of the limitations stemming from Plaintiff's impairments, and the hypothetical question included all of the impairments supported by the record. The ALJ correctly determined Plaintiff's residual functional capacity based on the objective medical evidence in the record, as a whole, and Plaintiff's daily activities, and that determination was supported by substantial evidence in the record. The ALJ asked the vocational expert what jobs are available for a person who is restricted from climbing ladders, ropes, and scaffolds, and limited to frequent

balancing and crouching. (Tr. 272). The ALJ also stated that the person should not drive and cannot tolerate extensive exposure to hazards such as heights and machinery due to vision deficits. *Id.* As such, the hypothetical question to the vocational expert included the impairments and limitations that the ALJ found to be supported by the evidence and consistent with his residual functional capacity assessment. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 843-44 (11th Cir. 2013) (finding that the hypothetical question posed to the vocational expert was sufficient because the residual functional capacity assessment properly accounted for limitations that were supported by objective medical evidence and the plaintiff's daily activities).

The fact that the ALJ did not include Plaintiff's depression as an impairment in the hypothetical question does not render the question invalid because the ALJ properly discredited Plaintiff's subjective testimony regarding her depression. *See Clyburn v. Comm'r of Soc. Sec. Admin.*, 555 F. App'x 892, 895 (11th Cir. 2014) (finding that the ALJ's hypothetical question adequately accounted for plaintiff's impairments because the ALJ properly discredited plaintiff's subjective testimony of her symptoms). Because the ALJ properly discredited Plaintiff's subjective testimony of her depression, the ALJ was not required to include her depression as an impairment in the hypothetical question. Accordingly, the ALJ's hypothetical question to the vocational expert included all of Plaintiff's limitations and impairments and was supported by substantial evidence in the record.

Therefore, the Court concurs with the Magistrate Judge's recommendation that the ALJ's decision was supported by substantial evidence in the record. Upon full review and consideration of the record, the Court finds that the Report and Recommendation, (Doc. 16), should be, and hereby, is **ACCEPTED**, **ADOPTED**, and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, Plaintiff's Objection (Doc. 17) is **OVERRULED**, and the Commissioner's decision is hereby **AFFIRMED.**

**SO ORDERED**, this 16th day of September, 2015.

/s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**